IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ROBERT H. BARNETT,**

       **Petitioner,**

v.                                         **Case No.: 5:18-cv-00279**

**WARDEN DAVID L. YOUNG,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Petitioner Robert H. Barnett is a federal prisoner currently incarcerated in Federal Correctional Institution Beckley ("FCI Beckley") within this judicial district. *See* https://www.bop.gov/inmateloc (last accessed June 19, 2018). On February 1, 2018, Petitioner, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently at issue is Petitioner's motion for a "prohibitory injunction," seeking to preclude the Federal Bureau of Prisons ("BOP") from transferring him to another correctional facility. (ECF No. 6). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's motion.

1

I.  **Relevant Background Information**

Petitioner was convicted in June 2010 of multiple federal crimes, including murder for hire, weapons charges, and tampering with a witness. (ECF Nos. 1 at 1, 12 at 1-2). After a direct appeal and unsuccessful motions for post-conviction relief, Petitioner initiated the pending § 2241 action in this Court. (ECF Nos. 1 at 3-4, 12 at 3-5). On February 22, 2018, Petitioner filed the instant motion, asking the Court for an injunction "forbidding the [BOP] from transferring him to another correctional institution" on the ground that a transfer would interfere with his ability to prosecute his § 2241 petition and receive medical care. (ECF No. 6 at 1-3). Petitioner argues that he is 78 years old, wheelchair bound, and has a very limited formal education. (*Id.*). He states that he has developed a close relationship with "FCI Beckley law clerks" and "other individuals formally trained in the field of law at FCI Beckley," who are assisting him with his § 2241 case. (ECF No. 6 at 2-3). He further contends that he is receiving "sorely needed medical and dental treatment he is in constant need of" at FCI Beckley. Although Petitioner asks the Court to halt any prospective transfer, he does not allege that a prison transfer is actually proposed, scheduled, or imminent. (ECF No. 6).

II.  **Discussion**

No litigant is automatically entitled to a preliminary injunction. Instead, "preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). To succeed on a request for injunctive relief, the party requesting an injunction must make a "clear showing" that he is entitled to such relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Courts in

2

this circuit consider the following four factors in determining whether that standard is met:

> (1) the movant's likelihood of success on the merits; (2) the likelihood that the movant will suffer irreparable harm in the absence of preliminary injunctive relief; (3) whether the balance of equities tip in the movant's favor; and (4) the public interest.

*Id.* at 20. As the moving party, Petitioner bears the burden of establishing that each factor weighs in his favor and justifies the relief requested. *See Granny Goose Foods, Inc. v. Bhd. of 184 Teamsters and Auto Truck Drivers Local No. 70,* 415 U.S. 423, 441 (1974). "These factors are not, however, all weighted equally." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). To the contrary, the threshold determination is whether Petitioner has shown that irreparable harm is likely to occur if an injunction is not granted. *Id.* If he fails to demonstrate this factor, his quest for injunctive relief comes to an end. In *Scotts v. United Industries Corp,* the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") describes how the analysis generally proceeds:

> When deciding whether to grant a preliminary injunction, the court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction is denied; if such a showing is made, the court must then balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant. If the balance of the hardships tips decidedly in favor of the plaintiff, then typically it will be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation. But if the balance of hardships is substantially equal as between the plaintiff and defendant, then the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success.

*Scott,* 315 F.3d 264, 271 (4th Cir. 2002) (internal quotations and citations omitted). A showing of irreparable harm requires the likelihood of an injury that is both actual and

3

immediate, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983); one that cannot be adequately satisfied with a monetary award, or accurately calculated, or that involves other rare and exceptional circumstances that justify the extraordinary relief of an injunction. *Hughes*, 17 F.3d at 693-94. With these standards in mind, the undersigned considers the merits of Petitioner's request for an injunction.

The Fourth Circuit has explained that inmates "do not have a liberty interest in avoiding transfer, unless the transfer would impose an atypical and significant hardship compared to the general prison population." *Rodriguez*, 715 F. App'x at 266 n.3 (citations and markings omitted). Moreover, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *Milhouse v. O'Brien*, No. 1:14CV16, 2014 WL 12521373, at *2 (N.D.W. Va. Feb. 25, 2014) (citing *McKune v. Lile*, 536 U.S. 24, 40 (2002)). The BOP is vested "with wide discretion to determine where to house a prisoner, and also to prevent prisoners from challenging their geographic designation within the BOP system." *Milhouse*, 2014 WL 12521373, at *1 (citations omitted). An inmate has no constitutional right to assignment to any particular prison. *Id.*; *Rankin Bey v. Tabor Corr. Inst.*, No. 5:17-CT-3256-FL, 2017 WL 8786928, at *1 (E.D.N.C. Dec. 13, 2017) (citing *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976)); *Miller v. W. Virginia Div. of Corr.*, No. 3:16-CV-04225, 2017 WL 1294005, at *15 (S.D.W. Va. Mar. 16, 2017), *report and recommendation adopted,* 2017 WL 1317061 (S.D.W. Va. Apr. 5, 2017), *appeal dismissed*, 696 F. App'x 115 (4th Cir. 2017), *cert. denied,* 138 S. Ct. 723 (2018), *reh'g denied,* 138 S. Ct. 1184 (2018). Furthermore, "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex

4

and intractable problems of prison administration." *Jenkins v. Crayton*, No. CIV.A. 12-1533, 2013 WL 3467191, at *2 (W.D. Pa. July 10, 2013) (citations and marking omitted).

Given the above principles, Petitioner fails to show that he is entitled to a preliminary injunction to halt any prospective transfer of Petitioner to another facility. Petitioner remains incarcerated at FCI Beckley and makes no showing that the BOP plans to transfer him to another facility. Furthermore, even if a transfer were imminent, Petitioner's insinuation that he would have less access to the courts or medical care at another federal facility is mere speculation. All correctional institutions are required by law to permit inmates such constitutional guarantees. Petitioner's argument that he has a working relationship with inmates or individuals who provide him legal assistance at FCI Beckley, and his statement that he receives medical care at the facility, fall well short of demonstrating a liberty interest in avoiding transfer. In addition, the law delegates the decision of where to house a federal prisoner to the BOP, and courts are deferential to the BOP's exercise of that authority. There are no circumstances in this case that would warrant the Court's interference in the BOP's management of its prison population.

Therefore, given the fact that Petitioner does not demonstrate that he is entitled to an injunction, the undersigned **FINDS** that his motion should be denied. *See, e.g., Crumby v. DeBoo*, No. 1:09-CV-3, 2009 WL 4156661, at *2 (N.D.W. Va. Nov. 24, 2009) ("Without specifically reviewing the other factors, Crumby's claim for a preliminary injunction clearly fails to satisfy the first factor because the decision to transfer an inmate is wholly within the discretion of the Bureau of Prisons."); *Rankin Bey v. Tabor Corr. Inst.*, No. 5:17-CT-3256-FL, 2017 WL 8786928, at *2 (E.D.N.C. Dec. 13, 2017) (denying motion for preliminary injunction for transfer because the plaintiff failed to

show that the balance of equities tips in his favor or that an injunction is in the public interest, noting that prisoners do not have the constitutional right to be incarcerated in any particular prison, jail, or confinement facility); *Jenkins v. Crayton*, No. CIV.A. 12-1533, 2013 WL 3467191, at *2 (W.D. Pa. July 10, 2013) (denying injunctive relief regarding prison transfer, stating that the plaintiff "has no constitutional right to choose his prison"); *Case v. Miller-Stout*, No. C12-187 MJP-MAT, 2013 WL 104835, at *1 (W.D. Wash. Jan. 7, 2013) (denying injunction, stating that the prisoner's "unsupported, speculative allegation that he will be transferred to another facility does not rise to the level of irreparable injury" and a prisoner does not have a constitutional right to incarceration in a particular prison); *Holsey v. B.C.C.C.*, 934 F.2d 319 (4th Cir. 1991) (affirming district court's denial of preliminary injunction to avoid prison transfer); *Pinson v. United States Dep't of Justice*, 273 F. Supp. 3d 1, 12–13 (D.D.C. 2017) (denying injunction to prevent prison transfer, noting "the deference given to prisoner transfer decisions and Pinson's lack of an identifiable injury to her ability to access the courts combine to convince the Court that she is not likely to succeed on the merits. Nor has Pinson made a clear showing that she will imminently be sent to FTC Oklahoma, or that she will be prevented from accessing writing implements and mail while there."); *Cline v. Harmon*, No. 5:11-CV-00870, 2012 WL 692974, at *5 (S.D.W. Va. Mar. 2, 2012) (denying request for an injunction ordering prison transfer, noting that "[w]hether a prisoner is transferred to a different facility is left to the sound discretion of the BOP," a "prisoner has no constitutional right to be confined in any particular institution," and "prison officials have great discretion in decisions on the transfer of prisoners."); *United States v. Brooks*, No. CRIM. B-99-378-001, 2006 WL 2323057, at *1 (S.D. Tex. Aug. 8, 2006) (denying temporary restraining order,

6

governed by the same standards as a request for preliminary injunction, stating that "[u]nder 18 U.S.C. § 3621(b), the BOP may confine a prisoner in any facility and transfer him at any time," "[f]ederal prisoners generally have no constitutional right to placement in a particular penal institution," and "federal courts do not supervise the day-to-day administration of prisons.").

### III. **Proposal and Recommendations**

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's motion for a preliminary injunction, (ECF No. 6), be **DENIED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (for the filing of objections) and three days (if this document was received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to

Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, counsel of record, and any unrepresented party.

**FILED:** June 21, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge