## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**ROBERT HERALD BARNETT,**

   **Petitioner,**

**v.**             **Case No. 5:18-cv-00279**

**FRANCISCO QUINTANA, WARDEN,[1]**

   **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, Petitioner's Motion to Add a Claim of Relief, and Respondent's Motion to Dismiss. (ECF Nos. 1, 11, 18). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS**

---

[1] Petitioner was incarcerated in Federal Correctional Institution Beckley, ("FCI Beckley"), in Beaver, West Virginia when he filed the instant petition, and he correctly named as Respondent David Young, the warden at that facility. Since that time, Petitioner has been transferred to Federal Medical Center Lexington, ("FMC Lexington"), in Lexington, Kentucky where he is presently in custody. *See* BOP inmate locator at www.bop.gov/inmateloc/. Pursuant to Federal Rule of Civil Procedure 25(d), Francisco Quintana, warden of FMC Lexington, will be substituted as Respondent in this case. Although Petitioner is no longer in custody in the Southern District of West Virginia, this Court retains jurisdiction over the matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)).

that Respondent's Motion to Dismiss, (ECF No. 11), be **GRANTED** as to the claims contained in Petitioner's initial Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1); and that these claims be **DISMISSED**, with prejudice. The undersigned further **RECOMMENDS** that the District Court **GRANT** Petitioner's Motion to Add a Claim of Relief, (ECF No. 18); **TRANSFER** that claim, as set forth in Petitioner's Addendum to his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 13), to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") pursuant to 28 U.S.C. § 1631 and 28 U.S.C.A. § 2255(h); and **DISMISS** this action and remove it from the docket of the Court.

## I.  <u>Relevant Background</u>

On April 3, 2009, in the Eastern District of Kentucky, Petitioner was indicted for using a facility of interstate commerce with the intent of arranging a murder-for-hire in violation of 18 U.S.C. § 1958(a) ("Count One"); causing another to travel in interstate commerce with the intent of arranging a murder-for-hire in violation of 18 U.S.C. § 1958(a) ("Count Two'); knowingly transferring firearms, with knowledge that such firearms would be used to commit the crimes of violence outlined in Counts One and Two, in violation of 18 U.S.C. § 924(h) ("Count Three"); using and carrying firearms during and in relation to the above crimes of violence in violation of 18 U.S.C. § 924(c)(1) ("Count Four"); knowingly and unlawfully possessing a machine gun in violation of 18 U.S.C. § 922(0)(1) ("Count Five"); knowingly possessing a firearm having a removed serial number in violation of 18 U.S.C. § 922(k) ("Count Six'); and knowingly possessing two unregistered firearm silencers in violation of 26 U.S.C. § 5861(d) ("Counts Seven and Eight"). *United States* v. *Barnett,* Case No. 5:09-cr-00067-JMH-EBA-1 (E.D. Ky. Sept. 28, 2010) at ECF No. 13 (hereafter *Barnett I*). On August 7, 2009, Petitioner was charged

in a superseding indictment with five additional counts, including soliciting another to kill an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, ("ATF"), in violation of 18 U.S.C. § 373 ("Counts Nine and Eleven"); soliciting another to kill a person with intent to prevent testimony of the person at trial, in violation of 18 U.S.C. § 373 ("Counts Ten and Twelve'); and knowingly and corruptly persuading another person with intent to influence the testimony of the person at trial in violation of 18 U.S.C. § 1512(b)(l) ("Count Thirteen").  *Barnett I,* at ECF No. 24.

On June 10, 2011, following a three-day trial, a jury found Petitioner guilty of Counts One through Eight, not guilty of Counts Nine through Twelve, and guilty of Count Thirteen of the indictment. *Id.* at ECF Nos. 42-45. Petitioner's sentencing hearing was held before United States District Judge Karl S. Forester in the Eastern District of Kentucky on September 22, 2010. *Id.* at ECF No. 55. On September 28, 2010, Judge Forester entered an order sentencing Petitioner to 120-months imprisonment on Counts One, Two, Three, Five, Seven, Eight, and Thirteen, which were to run concurrently to a 60-months sentence on Count Six, and consecutively to a 360-months sentence on Count Four, for a total sentence of 480-months imprisonment. Petitioner was additionally sentenced to three years of supervised release. *Id.* at ECF No. 58.

Petitioner filed a notice of appeal on October 8, 2010. *Id.* at ECF No. 60. In March 2011, Petitioner filed a series of *pro se* motions including a Motion to Produce Pleadings; Freedom of Information Act Request; Motion for Re-Hearing In [sic] Banc; Motion for Enlargement of Time to File Additional Pleadings; Motion to Amend Pleadings and Exhibits; Motion for Production of Documents; Motion for Appointment of Counsel; and a Motion for the Return of Property. *Id.* at ECF Nos. 67-73, 76. This flurry of filing activity appears to have been spurred by Petitioner's growing dissatisfaction with his attorney's

performance and lack of communication, and Petitioner's mistaken belief that his appeal had been closed. *Barnett I,* at ECF No. 77. Judge Forester entered an order informing Petitioner that his appeal was still pending, and that the time for filing briefs had not yet been set. *Id.* Consequently, Judge Forester dismissed Petitioner's motions for lack of subject matter jurisdiction. *Id.* In June 2011, Petitioner was assigned a new appellate attorney. *Id.* at ECF No. 83.

Petitioner appealed his convictions and sentence on two grounds: (1) he argued that the District Court should have granted his motion for acquittal because insufficient evidence supported his convictions, and (2) the District Court violated his rights during the sentencing process under Federal Rule of Criminal Procedure 32. *Id.* at ECF No. 90. On June 29, 2012, the Sixth Circuit affirmed the District Court's judgment and sentence. *Id.* Specifically, the Sixth Circuit held that the evidence was sufficient to support a finding that Petitioner had the requisite intent to satisfy the elements of the murder-for-hire statute. *Id.* Acknowledging that Petitioner had "said at least once that he did not want [the victim] killed; rather, he just wanted his eyes, thumbs, and testicles removed," the Sixth Circuit nonetheless pointed out that Petitioner was aware that this type of mutilation would likely kill the victim, and, furthermore, had later explicitly instructed the hired killer to murder both the victim and the victim's son if he was present as a witness. *Barnett I,* at ECF No 90. The Sixth Circuit also found that Petitioner had not shown how he was prejudiced by the Government holding the sentencing hearing 33 days after Petitioner received the presentence report rather than the statutorily-required 35 days. *Id.* For these reasons, the Sixth Circuit denied the appeal and affirmed the judgment of the District Court. *Id.*

On September 27, 2013, Petitioner submitted his first Motion to Vacate, Set Aside,

or Correct Sentence under § 2255. *Id.* at ECF No. 98. On February 3, 2015, Magistrate Judge Hanly Ingram submitted a Report and Recommendation proposing that Petitioner's § 2255 Motion be denied. *United States v. Barnett*, No. 5:09-CR-67-JMH-HAI, 2015 WL 927378, at *1 (E.D. Ky. Feb. 3, 2015) (hereafter *Barnett II*), *report and recommendation adopted in part, rejected in part*, No. 513-CV-07315-JMH-HAI, 2015 WL 5829646 (E.D. Ky. Oct. 2, 2015). Judge Ingram characterized Petitioner's Motion as asserting the following grounds for relief:

1. Ineffective assistance of counsel during plea negotiations and pre-trial stages.

2. Ineffective assistance of counsel for failure to move to suppress statements of witnesses under the Sixth Amendment.

3. Ineffective assistance of counsel for failure to argue that the United States manufactured federal jurisdiction.

4. Ineffective assistance of counsel for failure to raise a Second Amendment defense to the firearms charges.

5. That District Judge Forester usurped the role of the jury by finding that one of the firearms was a machine gun.

6. Ineffective assistance of counsel for failing to raise a defense that Defendant possessed the machine gun prior to 1986.

7. Ineffective assistance of appellate counsel for failure to raise a valid issue on appeal.

8. Ineffective assistance of counsel for failure to raise an entrapment defense.

9. Ineffective assistance of counsel for failure to "adequately raise that the fact that 'some state law' has been violated is an essential element of the murder for hire statute that must be found by the jury."

10. Ineffective assistance of counsel for failure to move to suppress all statements made during illegal wiretaps.

*Barnett II*, at *4 (internal citations omitted). Judge Ingram determined that an

evidentiary hearing was not necessary, because Petitioner's "claims that his attorney guaranteed a victory at trial and that [Petitioner] could not be convicted on any of the charges as a matter of law" were "inherently incredible." *Barnett II*, at *6. Judge Ingram proceeded to reject Petitioner's remaining claims on the merits and declined to issue a certificate of appealability as "no reasonable jurist would find the assessments on the merits above to be wrong or debatable." *Id.* at *17-18.

The District Court, relying on a recent Sixth Circuit opinion, declined to adopt Judge Ingram's finding that an evidentiary hearing was not warranted on one of Petitioner's claims; that being, that his attorney had improperly dissuaded him from entering into a plea deal. The District Court ordered a hearing on that claim only. *United States v. Barnett*, No. 5:09-CR-67-JMH-HAI, 2015 WL 927374, at *3 (E.D. Ky. Mar. 3, 2015). Petitioner was assigned counsel for the evidentiary hearing, which was held on May 8, 2015. *Barnett I,* at ECF Nos. 158, 162. Following the evidentiary hearing, Judge Ingram again recommended that Petitioner's § 2255 Motion be denied as to all claims and that no certificate of appealability issue. *United States v. Barnett*, No. 513-CV-07315-JMH-HAI, 2015 WL 11711825, at *6 (E.D. Ky. Sept. 1, 2015). On October 2, 2015, the District Court adopted Judge Ingram's recommendation and denied Petitioner's § 2255 Motion. *United States v. Barnett*, No. 513-CV-07315-JMH-HAI, 2015 WL 5829646, at *2 (E.D. Ky. Oct. 2, 2015). Petitioner appealed the District Court's judgment to the Sixth Circuit, which denied the appeal on May 10, 2016. *Barnett I,* at ECF No. 175.

A month and a half later, on June 24, 2016, Petitioner filed his second Motion to Vacate under 28 U.S.C. 2255, arguing that he was eligible for relief following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* at ECF No. 176. On August 18, 2016, the District Court agreed with the Magistrate Judge's

recommendation that the motion be transferred to the Sixth Circuit for review as a request for authorization of a second or successive habeas petition. *United States v. Barnett*, No. 5:09-CR-67-JMH-EBA-1, 2016 WL 4432691, at *1 (E.D. Ky. Aug. 18, 2016). On February 24, 2017, the Sixth Circuit declined to authorize Petitioner's filing of a second or successive § 2255 motion. *Barnett I,* at ECF No. 186. The Sixth Circuit noted that *Johnson* invalidated the residual clause contained in §924(e)(2)(B) of the Armed Career Criminal Act, ("ACCA"); however, Petitioner was sentenced under 18 U.S.C. § 924(c), which contained a differently worded residual clause. *Id.* As the Sixth Circuit had previously upheld the residual clause of § 924(c) post-*Johnson*, Petitioner's claim lacked merit. *Id.*

On March 6, 2017, Petitioner filed a Petition for a Writ of *Audita Querela. Id.* at ECF No. 187. On March 21, 2017, the District Court entered an order, over Petitioner's objections, construing Petitioner's Writ of *Audita Querela* as a successive Motion to Correct his Sentence pursuant to 28 U.S.C. § 2255, and transferred it to the Sixth Circuit for authorization to file a second or successive § 2255 motion. *Id.* at ECF No. 189. In assessing the request for authorization, the Sixth Circuit summarized Petitioner's claims for relief as stating the following:

> (1) he is actually, factually, and legally innocent because he was not predisposed to commit any criminal activity until he was induced by government agents; (2) the cumulative effect of the errors committed by the district court deprived him of a trial consistent with constitutional guarantees of due process; (3) jailhouse informants recorded conversations with him in violation of his right to counsel; (4) trial counsel provided ineffective assistance in failing to raise the affirmative defense of entrapment; and (5) his 480-month sentence is unconstitutional.

*Barnett I,* at ECF No. 198. The Sixth Circuit noted that Petitioner had previously raised the claim that his trial counsel was constitutionally deficient, due to counsel's failure to raise the defense of entrapment, in a prior § 2255 motion. *Id.* The Circuit Court therefore

dismissed that claim pursuant to 28 U.S.C. § 2244(b)(1). *Id.* As to the remainder of the claims, the Sixth Circuit dismissed them on the basis that, notwithstanding Petitioner's assertion that he had discovered these issues "only after extensive research in the institution law library," he failed to show that he was relying on any newly discovered evidence or a new rule of constitutional law as required by 28 U.S.C. § 2255(h). *Barnett I,* at ECF No. 198.

In February 2018, Petitioner filed the instant § 2241 petition in this Court. (ECF No. 1). Petitioner contends that his motion is eligible for consideration under the savings clause because he asserts a claim of actual innocence. (ECF No. 2 at 5). Petitioner believes he can demonstrate actual innocence on the ground that he was entrapped by government officials and, consequently, he lacked the requisite *mens rea* to commit the crimes of which he was convicted. (*Id.*). Petitioner acknowledges that a showing of actual innocence does not establish a freestanding claim for relief, but acts as a gateway to allow courts to entertain otherwise procedurally barred constitutional claims. (*Id.* at 6). Petitioner argues that both his defense and appellate counsel provided ineffective assistance by failing to raise a number of valid constitutional arguments and that his viable claim of actual innocence permits this Court to consider the merits of these alleged errors. (*Id.*)

Petitioner additionally argues that he is able to show both "cause and prejudice excusing any procedural default" as an alternative exception to the statutory gatekeeping provisions. (*Id.* at 8). Petitioner states that he can demonstrate cause and prejudice because federal case law establishes that if procedural default is the result of ineffective assistance of counsel, then the default is imputed to the Government. (ECF No. 2 at 11). Given that his trial counsel was constitutionally deficient, Petitioner contends, he has satisfied this standard and established both cause and prejudice sufficient to overcome

any procedural barrier to having the merits of his claim considered. (*Id.*).

Turning to the merits of his constitutional claims, Petitioner describes a number of constitutional violations that occurred during his trial. Petitioner believes that, cumulatively and individually, these violations resulted in a deprivation of due process. (ECF No. 2 at 14). Petitioner details these constitutional violations at length and in a number of different contexts, but essentially, he asserts the following arguments:

1. The Government submitted false evidence and the District Court erred in admitting such evidence. (*Id.* at 13, 46).

2. Evidence that had been impermissibly obtained by an "unscrupulous entrapment methodology" was admitted. (*Id.* at 13).

3. The District Court failed to properly instruct the jury on the affirmative defense of entrapment. (*Id.*).

4. Government agents impermissibly deliberately elicited information after Sixth Amendment rights had attached to Petitioner. (*Id.* at 16).

5. Petitioner's trial counsel's performance was constitutionally deficient as counsel failed to raise the affirmative defense of entrapment. (*Id.* at 22).

6. The District Court failed to properly instruct the jury on the required *mens rea* for the murder-for-hire offense. (*Id.* at 44).

On February 23, 2018, the undersigned ordered the Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 7). Also in February, Petitioner filed a Motion Requesting a Prohibitory Injunction, asking this Court to forbid the government from transferring him from FCI Beckley while the instant petition was pending. (ECF No. 6). Petitioner stated that if transferred, he would "incur great detriment and suffer insurmountable prejudice" as he would lose access to the "law clerks" at FCI Beckley who had been assisting him in preparing his legal challenges. (*Id.* at 2). This Court declined to grant Petitioner's requested injunction in an Order dated June 21, 2018. (ECF No. 17).

On June 6, 2018, Respondent filed a Motion to Dismiss, or in the Alternative, to Transfer the petition, as well as a supporting memorandum. (ECF Nos. 11, 12). Respondent argues that the petition should be dismissed, because it fails to state any claims that are cognizable under 28 U.S.C. § 2241. According to Respondent, Petitioner challenges the validity of his convictions and sentence, rather than the execution of his sentence; therefore, his claims must be brought in a motion filed under 28 U.S.C. § 2255. Respondent contends that Petitioner is procedurally barred from bringing such a motion as it is successive, and even if he were not barred, his § 2255 motion would not be properly raised in this Court. Respondent notes that motions brought pursuant to 28 U.S.C. § 2255 must be filed in the sentencing court; in this case, the United States District Court for the Eastern District of Kentucky. As such, this Court lacks jurisdiction to entertain Petitioner's claims. Respondent asks the Court to dismiss the action, or in the alternative, to transfer it to the Eastern District of Kentucky or the Sixth Circuit for authorization to file a successive § 2255 motion.

About the same time that Respondent filed his Motion to Dismiss, or in the Alternative, to Transfer, Petitioner filed an Addendum to his instant § 2241 petition. (ECF No. 13). In the Memorandum in Support of the Addendum, Petitioner argues that the recent Supreme Court decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) entitles him to relief. (ECF No. 14 at 3). In July 2018, Petitioner filed a Motion in which he requests that if he is unable to add the claim made in the June Addendum to his original § 2241 petition, he be permitted to withdraw the original § 2241 petition filed in February and proceed on the new claim alone. (ECF No. 18).

In August 2018, Petitioner submitted a Memorandum in Opposition to the Government's Motion to Dismiss. (ECF No. 23). In the Memorandum, Petitioner asks this

Court to deny the Government's Motion to Dismiss and allow his original § 2241 petition to proceed on the merits. (*Id.* at 1). Petitioner again asserts that he falls within the actual innocence exception, allowing this Court to consider the merits of his otherwise procedurally barred claims. (*Id.* at 3). Petitioner contends that the numerous meritorious claims he advances in his § 2241 petition have been met with "reprehensible resistance and unwarranted opposition by the government and various courts," and that as a result, he has never obtained a fair hearing on the alleged constitutional violations that support his claim of actual innocence. (*Id.* at 4-5, 14). Petitioner argues that as the facts encompassing his actual innocence claim were only available to him after the filing of his first § 2255 petition, the § 2255 remedy is "inadequate or ineffective" to test the legality of his claims and he should be permitted to do so under the savings clause of § 2255(e). (ECF No. 23 at 5, 15).

## II.    <u>**Discussion**</u>

Petitioner originally filed his petition in February 2018. (ECF No. 1). However, in June 2018, he filed an Addendum to his petition in an attempt to add a new claim based on a recent Supreme Court decision. (ECF No. 13). Petitioner later indicated that if he was unable to add the claim of relief advanced in the Addendum as part of the original petition, he would prefer to withdraw the petition and proceed solely on the Addendum rather than be unable to employ the claim raised in the Addendum. (ECF No. 18). When he filed his Memorandum in Opposition to the Government's Motion to Dismiss in August 2018, however, Petitioner zealously advocated that he be allowed to proceed on the merits of his petition and did not mention the claim for relief raised in the Addendum. (ECF No. 23).

Leave to amend should be freely given absent (1) bad faith on the part of plaintiff; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed

amendment. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Foman v. Davis, 371 U.S. 178, 182* (1962); Fed. R. Civ. P. 15(a)(2).[2] When considering the futility of a proposed amendment, the court is to take into account defenses such as the expiration of the statute of limitations.

Courts that have considered the propriety of proposed amendments in habeas proceedings have generally done so to consider whether the proposed amendment would "relate back" so as to avoid the various procedural barriers that confront successive or untimely habeas petitions. *See e.g. Oleson v. United States,* 27 Fed. Appx. 566, 571 (6th Cir. 2001). In this case, however, Petitioner is asserting unrelated and independent exceptions to the procedural barriers he faces —actual innocence in his original Petition versus newly declared law in his Addendum. As such, the question of relation back is irrelevant to the amendment determination as Petitioner's claims must either fail or succeed to satisfy the requirements for successive petitions on their own merits. Therefore, the undersigned **RECOMMENDS** that the District Court **GRANT** Petitioner's Motion, (ECF No. 18), to add the Addendum raising an additional claim of relief to the instant § 2241 petition. Although Petitioner should be permitted to add this claim to his petition, as the claim in the Addendum and the claims in the original petition raise different issues and lead to different results, the undersigned has addressed them separately below.

---

[2] While the Rules Governing Section 2255 and 2241 proceedings do not specify a procedure for amending motions, courts that have considered the issue have typically applied Federal Rule of Civil Procedure 15 to the amendment of these habeas motions. *See Oleson v. United States*, 27 Fed.Appx. 566, 571 (6th Cir.2001) (finding untimely amendment to § 2255 motion did not relate back under Rule 15(c)); *Rogers v. United States*, 180 F.3d 349, 352 n.3 (1st Cir.1999); *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.), *cert. denied*, 528 U.S. 866 (1999); *Hutchins v. Beeler*, No. 5:08-HC-2042-D, 2009 WL 6540745, at *2 (E.D.N.C. Jan. 15, 2009), *aff'd*, 329 F. App'x 487 (4th Cir. 2009) (applying Rule 15 to a proposed amendment in a § 2241 proceeding).

## A. The Original Petition as a § 2241 Motion

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his convictions and sentence, and not the execution of his sentence. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed

such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit in *Wheeler* held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed.Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed.Appx. 268 (4th Cir. 2014).

### 1. Actual Innocence

"It is true that the Supreme Court has recognized a limited 'actual innocence' exception to certain procedural bars to habeas review." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). The Supreme Court has made clear that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits

notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). In order to establish a claim of actual innocence, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

In *McQuiggin*, the Supreme Court held that the actual innocence exception could overcome the *statutory* time bar contained in 28 U.S.C. § 2244(d)(1)(D) for state prisoners filing under § 2254. 569 U.S. at 398. Prior to that ruling, the actual innocence exception had only been applied to *judge-made* procedural barriers. *Jones*, 758 F.3d at 584. The *McQuiggin* Court determined that the text of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governing the case did not evidence an intent to remove "the courts' equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition." *McQuiggin*, 569 U.S. at 397. When considering an actual innocence claim that seeks to collaterally attack a conviction, the district court will first determine whether the motion successfully sets out a valid claim of actual innocence and only then proceed to consider the merits of the petitioner's procedurally defaulted claims. *See Teleguz v. Pearson*, 689 F.3d 322, 330 (4th Cir. 2012).

Here, Petitioner argues that the savings clause of § 2241 preserves claims such as his, that assert "actual innocence of conviction." (ECF No. 2 at 5, 23 at 2). Petitioner cites to *United States v. Surratt*, 797 F.3d 240, *reh'g en banc granted,* (Dec. 2, 2015) to support this contention. (*Id.*). Petitioner's reliance on *Surratt* is mistaken. As the decision in *Surratt* was vacated and rehearing granted, the case is no longer legal precedent in the

Fourth Circuit. *See Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll.,* 848 F.2d 457, 459 (4th Cir. 1988).

More fundamentally, however, the case simply does not support Petitioner's argument. *Surratt* recognized that Fourth Circuit precedent allows an actual innocence claim to "[open] a narrow gateway to § 2241 relief" only when "the acts for which the defendant was convicted are not a crime." 797 F.3d at 248. In other words, a § 2241 actual innocence claim can only proceed when, after conviction, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 334; *See also Wheeler,* 886 F.3d at 429 (clarifying law but maintaining that substantive law must change after conviction to invoke § 2241). Petitioner's gateway claim of actual innocence, while at times difficult to separate from the claims he promotes as grounds for relief, consists essentially of the argument that he was entrapped by government officials and therefore lacked the requisite *mens rea* to commit the crime of which he was convicted. (ECF No. 2 at 5). Petitioner does not argue that a substantive *change* in law has rendered him actually innocent; rather, he argues that he was innocent *at the time of conviction.*

Petitioner does not point to any substantive change in the law that renders the conduct of the government officials, legal at the time of his conviction, now illegal. His argument is instead that he should never have been convicted of the crime in the first place because he was factually innocent. This argument must be brought under § 2255 as it does not meet the savings clause requirement of § 2241. *See e.g. Santillana v. Collins*, No. 5:14-CV-12474, 2015 WL 852328, at *4 (S.D.W. Va. Jan. 14, 2015), *report and recommendation adopted*, No. 5:14-CV-12474, 2015 WL 852335 (S.D.W. Va. Feb. 26, 2015) (actual innocence claim must be brought under § 2255 not § 2241 where petitioner

argued that he was mistakenly found guilty, not that an intervening change of law made him innocent); *see also Jones v. Johnson,* No. 1:15-CV-14845, 2017 WL 2240572, at *3 (S.D.W. Va. Feb. 24, 2017), *report and recommendation adopted sub nom., Jones v. Zuniga*, No. CV 1:15-14845, 2017 WL 2234186 (S.D.W. Va. May 22, 2017) (§ 2241 actual innocence claim must be based on an intervening change in substantive law); *Ruff v. Perdue*, No. 3:13-CV-104, 2014 WL 4084326, at *5 (N.D.W. Va. Aug. 19, 2014) ("Accordingly, nothing in *McQuiggin* allows petitioner to repeatedly attempt to attack his ... [conviction] ... through successive § 2244 or § 2255 motions, let alone via a § 2241 motion."); *Rice v. Lamanna*, 451 F. Supp. 2d 755, 758 (D.S.C.), *aff'd*, 197 F. App'x 259 (4th Cir. 2006) ("bare allegations of actual innocence, unsupported by any new, reliable evidence, are not sufficient to place [petitioner's] petition within the scope of § 2241. Rather, his claims place his petition within the scope of § 2255"); *Paige v. Holt*, 150 Fed.Appx. 141, 142 (3d Cir. 2005) (unpublished) ("His claims of actual innocence and improper sentencing place his petition squarely within the scope of § 2255."). Therefore, the undersigned **FINDS** that Petitioner's claim of actual innocence does not meet the requirements of the savings clause.

### 2. Cause and Prejudice

Petitioner additionally argues that he can establish cause and prejudice in order to excuse any procedural default and allow his petition to be considered on the merits. (ECF No. 2 at 8-10). Petitioner argues that his trial counsel failed to file a sentencing brief and neglected to make arguments based on the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). (ECF No. 2 at 12).

The cause and prejudice exception is, along with the actual innocence exception, the only way a petitioner can raise an otherwise procedurally defaulted claim in habeas

review. *Bousley v. United States*, 523 U.S. 614, 622 (1998). "Cause for a procedural default exists where 'something external to the petitioner, something that cannot fairly be attributed to him[,] ... impeded [his] efforts to comply with the State's procedural rule.'" *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (internal citations omitted). The case law has been very demanding on establishing "cause" for procedural default, rejecting "novelty" and "futility" arguments where other defendants have timely raised the same issue. *Id*; *see also United States v. Sanders*, 247 F.3d 139, 144–46 (4th Cir. 2001); *United States v. Harris*, 183 F.3d 313 (4th Cir. 1999).

As pointed out by Petitioner, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are not generally procedurally defaulted if they are not raised on direct appeal and may be brought in a § 2255 claim. *Id.* at 509. However, Petitioner is not raising this ineffective assistance of counsel claim in his first § 2255 filing after appeal as anticipated in *Massaro*. *Id.* at 506. Petitioner is instead attempting to raise this claim in a § 2241 motion after having filed three previous § 2255 motions.[3] Petitioner does not explain how this ineffective assistance of counsel claim meets the savings clause requirement as he points to no intervening change of law that permits him to raise this claim for the first time, as is required by Fourth Circuit precedent. *Wheeler*, 886 F.3d at 429. Consequently, this claim is not appropriate under § 2241 and must be brought under § 2255 if at all. *See Coney v. Masters*, No. 1:15-CV-10927, 2016 WL 8604321, at *3 (S.D.W. Va. Aug. 8, 2016), *report and recommendation adopted*, No. 1:15-10927, 2017 WL 1102594 (S.D.W. Va.

---

[3] *Barnett I*, at ECF Nos. 98, 176. Petitioner characterized his third motion for habeas relief as a Writ of *Audita Querela*, but it was treated as a third motion under § 2255 by the District Court. *Id.* at ECF No. 189.

Mar. 23, 2017) (ineffective trial counsel does not "fall within the category of claims contemplated by the savings clause"); *see also Tovar-Flores v. Saad*, No. 2:15-CV-100, 2016 WL 3080710, at *2 (N.D.W. Va. May 10, 2016), *report and recommendation adopted*, No. 2:15-CV-100, 2016 WL 3080833 (N.D.W. Va. May 31, 2016) (claims of ineffective assistance of counsel not properly brought under § 2241). Accordingly, the undersigned **FINDS** that Petitioner's original petition does not meet the requirements of § 2241 and, as a result, this Court lacks the jurisdiction to consider the motion.

### B. The Original Petition as a § 2255 Motion.

Given that Petitioner's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If the Court chooses to dismiss Petitioner's action, then he will be required to pursue his claim in the United States District Court for the Eastern District of Kentucky because, unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The undersigned **FINDS** no purpose in construing Petitioner's petition as a § 2255 motion and transferring it to the sentencing court. Petitioner's apparent lack of authorization from the Sixth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th

19

Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions"; instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

In contrast, the Sixth Circuit—the court to which this case would be transferred—does have a blanket policy requiring its district courts to transfer all successive § 2255 motions, so that the Sixth Circuit may decide the issue of preauthorization. *United States v. Gastelum-Lara*, 478 Fed.Appx. 303, 305 (6th Cir. 2012); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Berry v. United States*, No. 05-cr-20048, 2014 WL 6668488, at *2 (E.D.

Mich. Nov. 24, 2014). However, the Sixth Circuit's decisions do not control this Court's actions, and any appeal of this Court's order would be controlled by Fourth Circuit precedent.

For an Appellate Court to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Petitioner's claim, it appears that a transfer is not warranted because Petitioner does not meet the requirements of 28 U.S.C. § 2255(h). *Phillips*, 173 F.3d at 610.

Petitioner does not make any argument that there has been a new rule of constitutional law, previously unavailable, that affects the numerous arguments he is making. Instead, Petitioner contends that the many errors he identifies were constitutionally invalid at the time they were made. (ECF No. 2 at 13, 16, 22, 44, 46). Therefore, in order to qualify for a successive § 2255 motion, Petitioner must establish that his motion is based on newly discovered evidence under § 2255(h). That does not appear to be the case, however, as Petitioner's motion is premised entirely on alleged

mistakes and shortcomings that happened at trial or on appeal. Motions for successive petitions regarding events that occurred at trial do not generally meet the requirements of § 2255(h) absent an intervening change in law. *See e.g. Claytor v. Masters*, No. 1:14-CV-16949, 2015 WL 7301075, at *6 (S.D.W. Va. Oct. 7, 2015), *report and recommendation adopted*, No. CV 1:14-16949, 2015 WL 7302765 (S.D.W. Va. Nov. 18, 2015) (rejecting motion under §2255(h) where claim relied entirely on events that occurred during trial); *See also Johnson v. United States*, No. 1:07-CR-104-05, 2017 WL 2494630, at *6 (N.D.W. Va. June 9, 2017) (rejecting claims of constitutional violations where the events all took place prior to the petitioner's first § 2255 petition); *Jones*, No. 1:15-CV-14845, 2017 WL 2240572, at *2 (Evidence that was available at trial is not newly discovered).

Petitioner does counter Respondent's contention that the habeas petition does not rely on newly discovered facts by arguing that his claims "only came to realization after enlisting the assistance of inmate law clerks and spending hundreds of hours in the F.C.I. Beckley law library performing exhaustive research." (ECF No. 23 at 6). However, legal research, even legal research that uncovers theories or arguments previously unknown to the movant, does not qualify as newly discovered evidence for the purposes of § 2255(h). *See United States v. Christy*, 3 F.3d 765, 769 (4th Cir. 1993) (post-trial legal research that revealed new legal arguments was not newly discovered evidence); *see also United States v. Okun,* No. 3:08CR132, 2015 WL 1402142, at *6 n.4 (E.D. Va. Mar. 25, 2015), *aff'd*, 610 F. App'x 272 (4th Cir. 2015) (new legal theories are not new evidence). Moreover, any argument Petitioner might make that his claims are based on newly discovered evidence is significantly undermined by the fact that the majority of the claims raised by Petitioner

in this action have been previously asserted in his many prior habeas filings.[4] As the violations of which Petitioner complains are not supported by newly discovered evidence and do not rely on a new rule of constitutional law, the undersigned **FINDS** that Petitioner cannot meet the requirements of § 2255(h). Thus, Petitioner's claim is without merit and transferring his petition to the Sixth Circuit would be futile unless he meets an exception to the statutory barriers facing successive petitions.

### 1. Actual Innocence

As explained above, Petitioner's argument that he is actually innocent does not meet the requirements of the savings clause. However, actual innocence may in some circumstances allow a petitioner to proceed to the merits of otherwise barred claims under § 2255. Petitioner argues that he is actually innocent on the ground that he was entrapped by government agents and never possessed the necessary *mens rea* to commit the crimes of conviction. (ECF No. 2 at 5).

As noted above, the Supreme Court in *McQuiggin* determined that a viable claim of actual innocence could, in some circumstances, excuse procedural default and allow otherwise barred claims to be heard in a federal habeas petition. 569 U.S. at 392. However, the *McQuiggin* Court expressly confined its holding to habeas cases "not governed by [the second or successive] provisions, *i.e.*, a first petition." *Id.* at 396-397. Key to the holding in *McQuiggin* was the Supreme Court's determination that Congress, through its silence on the issue, did not intend to eliminate the pre-existing equitable

---

[4] *Compare* (ECF No. 2 at 13, 16, 22) *with Barnett I*, at ECF No. 198; *Barnett II*, at *4. The undersigned notes that, pursuant to 28 U.S.C. § 2244(b)(1), any proposed claim that was presented in a prior motion to vacate "shall" be dismissed. *See e.g. Dinkins v. United States*, No. 3:08-CR-00254-MR-1, 2018 WL 662368, at *3 (W.D.N.C. Feb. 1, 2018). However, as all of Petitioner's numerous claimed constitutional violations do not rely on newly discovered evidence, this Court does not find it necessary to engage in a lengthy determination of which claims fall afoul of this statutory bar, and which claims fail to meet only the requirements of § 2255(h).

"actual innocence" exception for an inmate filing his first habeas petition. *Id.* The *McQuiggin* Court reached this determination in part by noting that Congress had expressly "modified" and "constrained" an inmate's ability to pursue equitable relief through second or successive habeas petitions, while declining to modify the traditional equitable remedies available in federal courts in an initial habeas petition. *Id.*

Circuit courts that have considered the issue have found that the exception realized in *McQuiggin* does not apply to petitioners who are pursuing second or successive habeas petitions. *See United States v. Springer*, 875 F.3d 968, 978 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2002 (2018) (actual innocence exception applies only to first § 2255 motion); *See also In re Warren*, 537 F. App'x 457, 457–58 (5th Cir. 2013) (holding *McQuiggin* does not apply to successive petitions); *Candelario v. Warden*, 592 F. App'x 784, 786 (11th Cir. 2014) (same). Courts in this Circuit have generally reached the same conclusion. *See e.g. Martinez v. Coakly*, No. 2:16-CV-27, 2017 WL 460809, at *3 (N.D.W. Va. Feb. 2, 2017) (actual innocence exception announced in *McQuiggin* only applies to first time habeas petitions); *Perdue*, No. 3:13-CV-104, 2014 WL 4084326 at *5 (same); *Cox v. O'Brien*, No. 3:14–cv–21, 2015 WL 75055, at *4, *9 (N.D.W. Va. Jan. 6, 2015) (recognizing that *McQuiggin* exception only applies to untimely first habeas petitions); *Cox v. O'Brien*, No. 3:14-CV-21, 2015 WL 75055, at *4 (N.D.W. Va. Jan. 6, 2015), *aff'd*, 597 F. App'x 189 (4th Cir. 2015) (same). As this would be Petitioner's fourth motion under § 2255, the actual innocence claim he advances in his petition would not allow him to evade the limitation on successive petitions.

Additionally, and perhaps more fundamentally, Petitioner's actual innocence claim would be futile as he does not assert any newly discovered evidence. To succeed in raising a credible claim of actual innocence, a petitioner must offer reliable new evidence,

in light of which it becomes "more likely than not that no reasonable juror would have convicted him." *See Royal v. Taylor*, 188 F.3d 239, 243–44 (4th Cir. 1999) (quoting *Schlup*, 513 U.S. at 327 (1995)). A viable actual innocence claim must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006). Claims that successfully meet this burden are "extremely rare." *Schlup,* 513 U.S. at 321.

As noted above, in the context of newly discovered evidence under § 2255(h), Petitioner simply does not point to any new evidence in support of his actual innocence claim, nor does he explain how the facts which support his claim were unavailable to him in prior proceedings. Petitioner's contention that his petition relies newly discovered facts because he only became aware of the potential arguments after "exhaustive research" in the law library is similarly unavailing in the actual innocence context. (ECF No. 23 at 6). Discovering new legal theories through research does not qualify as new evidence as required by the actual innocence exception. *See e.g. Berrios v. United States*, No. 1:07-CR-81, 2017 WL 3880659, at *3 (E.D. Va. Sept. 5, 2017) (rejecting actual innocence claim where the petitioner argued he had only recently learned of the legal arguments that supported his claim). Furthermore, the legal argument that undergirds Petitioner's actual innocence claim is not even a newly discovered legal theory as Petitioner has raised the issue of entrapment in numerous previous filings. *Barnett I,* at ECF No. 198; *Barnett II*, at *4. Petitioner's actual innocence claim relies on facts and arguments that were available to him, indeed were raised, when he filed his initial habeas petition. *Barnett II,* at *4. Petitioner does not describe *any* new reliable evidence regarding either his state of mind, or the actions of the government officials, much less any evidence that would meet the

exacting standard of the actual innocence exception. *Schlup,* 513 U.S. at 321.

In his Memorandum in Opposition, Petitioner asserts that the case law clearly demonstrates if a petitioner makes a *prima facie* showing that he is actually innocent using only previously existing evidence, he is entitled to proceed to the merits. (ECF No. 23 at 6). However, this is simply an incorrect statement of law. In fact, the very cases Petitioner cites in support of his argument actually undermine that argument as those cases all involved substantial, newly discovered evidence. *Wolfe v. Johnson*, 565 F.3d 140, 155 (4th Cir. 2009) (the prosecution's primary witness recanted his testimony); *Bousley,* 523 U.S. at 616 (an intervening change in the law); *Teleguz*, 689 F.3d at 326; (multiple new third-party affidavits, police reports that contradicted prosecution's theory, and recantation by two important witnesses). Given that Petitioner clearly fails to set out a viable claim of actual innocence supported by new evidence, the undersigned **FINDS** that transferring his petition to the Sixth Circuit for a certificate of appealability on these grounds would be futile.

### 2. Cause and Prejudice

Petitioner additionally argues that his petition is subject to the cause and prejudice exception to procedurally barred claims. (ECF No. 2 at 10). Petitioner believes that he meets this exception by raising claims of ineffective assistance of trial counsel, because these types of claims automatically satisfy the cause and prejudice standard. (*Id.* at 11). However, as explained above in the context of the § 2241 analysis, Petitioner misapprehends the procedural default exception for ineffective assistance of counsel claims. The Supreme Court has made clear that ineffective assistance of counsel claims are generally not procedurally defaulted if not raised in a direct appeal and may be raised in the more appropriate forum of an initial § 2255 petition. *Massaro,* 538 U.S. at 504.

Nonetheless, while § 2255 provides a remedy for ineffective assistance of counsel claims, movants must still meet the gatekeeping provisions of the statute and are subject to the statutory barriers. Petitioner has already filed three previous § 2255 motions. He has not provided any explanation for why he was unable to raise these ineffective assistance of counsel claims in his previous motions. *See Noble v. Barnett*, 24 F.3d 582, 586 (4th Cir. 1994) (dismissing claim for failure to establish cause as petitioner had "knowledge of the facts central to each of these claims at the time that he filed his second petition for a writ of habeas corpus.") *see also Woodson v. United States*, No. 5:09-CR-00191, 2014 WL 3670725, at *4 (S.D.W. Va. July 22, 2014) (finding that *Massaro* does not allow petitioners to repeatedly bring ineffective assistance claims).

As asserting claims of ineffective assistance of counsel does not operate as the *per se* establishment of cause and prejudice Petitioner believes it does, to establish cause Petitioner must show that his failure to raise these claims in prior proceedings was due to some external force outside of his control. *Maples*, 132 S. Ct. at 922. The standard for establishing cause and prejudice reflects "an equitable judgment that only where a prisoner is impeded or obstructed in complying with the ... established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." *Martinez v. Ryan*, 566 U.S. 1, 13 (2012). Petitioner has not shown any reason why he was prevented from filing these claims in previous actions by some external impediment, or why the facts supporting his petition were unavailable to him until now. Therefore, as Petitioner's claims do not meet the requirements for successive petitions contained in § 2255(h), and are not subject to any equitable exception to the statutory barriers, the undersigned **FINDS** that transfer under § 1631 of the claims made in the original petition filed in this Court would be futile.

### C. The Amended Petition as a § 2241 Motion

Petitioner submitted an Addendum to the petition and adds a claim for relief based on a recent Supreme Court decision. (ECF No. 13). The decision in question, *Sessions v. Dimaya*, held that the residual clause contained in § 16(b) of The Immigration and Nationality Act, ("INA"), was unconstitutionally vague. 138 S. Ct. at 1223. Petitioner argues that the identical wording of the residual clause contained in the statute he was sentenced under, § 924(c)(3), means that the holding in *Dimaya* should apply to his case as well and enables him to utilize the savings clause contained in § 2255(e). (ECF No. 14 at 3-4).

Petitioner was convicted of using and carrying firearms during and in relation to a crime of violence in violation of U.S.C. § 924(c)(1). Section 924(c) requires a mandatory minimum sentence of 30 years if it is determined that the firearm used during the crime of violence was a machine gun. § 924(c)(1)(B)(ii). As it was determined that Petitioner employed a machine gun during the course of committing the crime, he was sentenced to the 30-year mandatory minimum sentence. *Barnett I,* at ECF No. 58. Petitioner argues that the definition of "crime of violence," as defined by § 924(c)(3)(B) for the purposes of § 924(c)(1), is now unconstitutionally vague following the recent Supreme Court decision. (ECF No. 14 at 3-4).

In *Dimaya*, the Supreme Court determined that the logic of its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), where it held that the residual clause contained in § 924(e)(2)(B) of the ACCA was unconstitutionally vague, dictated the same result when considering the residual clause of § 16(b). *Dimaya*, 138 S. Ct. at 1223. The Supreme Court rejected the Government's argument that there were "distinctive textual features" which distinguished §16(b)'s residual clause from that found unconstitutional in *Johnson*.

28

*Id.* at 1216. The *Dimaya* Court found that §16(b)'s residual clause contained the same "two features" that "conspire[d] to make [ACCA's residual clause] unconstitutionally vague." *Id.* (citations omitted) (alterations in original). Both clauses required "a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk." *Id.* (citations omitted).

The residual clauses of §16(b) and § 924(c)(3)(B) are virtually identical. Specifically, 18 U.S.C.A. § 16(b) provides:

> The term "crime of violence" means any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Meanwhile, Section 924(c)(3)(B) provides in relevant part:

> [T]he term "crime of violence" means an offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The only distinguishing features between these two provisions are that § 16(b) refers to "any other offense" while § 924(c)(3)(B) refers to "an offense," and that § 16(b) includes an extra comma before the phrase "by its nature." Due to the nearly identical language of these two clauses, the Fourth Circuit has generally "treated precedent respecting one as controlling analysis of the other." *In re Hubbard*, 825 F.3d 225, 231 n.3 (4th Cir. 2016); *see also United States v. Fuertes*, 805 F.3d 485, 500 (4th Cir. 2015). Other circuits have similarly treated case law regarding either § 16(b) or § 924(c)(3)(B) as guiding analysis of the other. *See United States v. Salas*, 889 F.3d 681, 685 (10th Cir. 2018); *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) (footnote omitted). Unsurprisingly then, several circuit courts that have considered the issue following

*Dimaya,* have determined that the residual clause contained in § 924(c)(3)(B) is also unconstitutionally vague. *See Salas*, 889 F.3d at 683; *see also United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018); *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018) ("In short, section 924(c)(3)(B) is void for vagueness. *Dimaya* requires us to abjure our earlier analysis to the contrary.").

Nevertheless, this result is not universal. The First Circuit recently held that the ruling in *Dimaya* did not demand a similar result for the residual clause of § 924(c)(3)(B). *See United States v. Douglas*, 907 F.3d 1, 3 (1st Cir. 2018). The First Circuit determined that the result in *Dimaya* was predicated on the government's concession that § 16(b) required the use of the categorical approach, and that only a plurality of the justices held that such an approach was necessarily required. *See Id.* at 12. As the First Circuit decided a conduct-based approach was more appropriate in the context of § 924(c)(3)(B), it declined to find the residual clause unconstitutional. *Id.* at 3. The Eleventh and Second circuits have reached similar conclusions. *See In re Garrett*, 908 F.3d 686, 689 (11th Cir. 2018) (holding that *Dimaya* did not render § 924(c)(3)(B) unconstitutionally vague due to a recent circuit decision that determined § 924(c)(3)(B) required a conduct-based approach and not the categorical approach considered in *Dimaya*); *United States v. Barrett*, 903 F.3d 166, 178 (2d Cir. 2018) (applying a "case-specific" approach to uphold a conviction under § 924(c)(3)(B)).

Two circuits, the Ninth and, significantly for Petitioner, the Sixth, have recently addressed the issue but declined to reach a definitive ruling on § 924(c)(3)(B)'s continuing constitutionality. In *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018), the Ninth Circuit considered the issue in the context of a § 2255 petition asserting that the Supreme Court decision in *Johnson* had created a new right allowing the petitioner to overcome

30

the statute of limitations. *Id.* at 1023. The Ninth Circuit determined that "the Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." *Id.* at 1028. Based on that determination, the Ninth Circuit dismissed the petitioner's uncertified challenge to 924(c) as untimely, but declined to reach the merits of whether the petitioner's conviction still qualified as a crime of violence under 924(c). *Id.* at 1029.

The Sixth Circuit took a slightly different approach when asked to consider the continuing viability of § 924(c)'s residual clause. *See United States v. Richardson*, 906 F.3d 417, 425 (6th Cir. 2018). Significantly, prior to the ruling in *Dimaya*, the Sixth Circuit had upheld § 924(c)'s residual clause against a void-for-vagueness challenge. *See United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016). In *Richardson*, the Sixth Circuit decided to "leave the continuing viability of *Taylor* to another day" and upheld the defendant's sentence on the narrower ground that his aiding and abetting Hobb's Act robbery conviction satisfied the "force clause" of § 924(c)(3)(A). *Richardson,* 905 F.3d at 426. Thus, the question of the continuing constitutionality of the residual clause contained in § 924(c)(3)(B) was left open. *Id.*

Following the decision in *Dimaya*, the Fourth Circuit has yet to reach a definitive ruling on the constitutionality of the residual clause in § 924(c).[5] However, regardless of the result reached by the Fourth Circuit, Petitioner is not able to pursue his claim in this Court because he is employing § 2241 to challenge the validity of his conviction and sentence. *See Vial*, 115 F.3d at 1194. As such, Petitioner must meet the savings clause

---

[5] *See United States v. Simms*, No. 15-4640 (4th Cir. argued Oct. 28, 2016) (placed in abeyance until the Supreme Court reaches a decision in *Dimaya*); *United States v. Ali*, No. 15-4433 (4th Cir. filed July 10, 2015) (same).

requirement of § 2255(e). To do so, Petitioner must show that "§ 2255 is inadequate and ineffective to test the legality" of his sentence. *Wheeler*, 886 F.3d at 429. Petitioner cannot meet this hurdle because to the extent that he is arguing *Dimaya* created a new rule of retroactive constitutional law, (ECF No. 14 at 7, 15), the gatekeeping provision of § 2255(h)(2) allows him to raise this challenge in a § 2255 motion.

Petitioner suggests that the decision in *Dimaya* follows from the holding in *Johnson*, and believes that this means it is a refinement of an "old rule" and not a "new rule" of constitutional law; in effect, foreclosing the avenue of relief through § 2255. (ECF No. 14 at 16). Indeed, the Fourth Circuit has recently recognized that relief through § 2241 is appropriate when the new rule announced is one of statutory and not constitutional law, and thus would not entitle an inmate to relief under § 2255. *Wheeler*, 886 F.3d at 429. However, that is not the case here. *Dimaya* held that the "residual clause" of 18 U.S.C. § 16(b) violated the constitution's guarantee of due process. *See* 138 S. Ct. at 1212-13. Overturning a statute as inconsistent with the constitution is the paradigmatic example of a new rule of constitutional law. *See e.g. McKoy v. Wilson*, No. 1:15-CV-622-GBL-MSN, 2016 WL 8732518, at *9 (E.D. Va. Apr. 1, 2016) (holding *Johnson* announced a new rule of constitutional law). "*Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding." *Sellner, v. Barnes*, No. 18-CV-1423 (MJD/TNL), 2018 WL 6332706, at *2 (D. Minn. Oct. 4, 2018), *report and recommendation adopted sub nom. Sellner v. Barnes*, No. CV 18-1423 (MJD/TNL), 2018 WL 6332506 (D. Minn. Dec. 4, 2018).

Accordingly, Petitioner may make an argument that the rule announced in *Dimaya*

is applicable to his conviction under § 2255(h)(2). In other words, § 2255 is not inadequate or ineffective to test the legality of Petitioner's sentence as required by the savings clause. *Wheeler*, 886 F.3d at 429. Therefore, the undersigned **FINDS** that, as Petitioner's Amended Petition does not meet the requirements of § 2241, this Court lacks the jurisdiction to consider the motion.

### D. The Amended Petition as a § 2255 Motion

Lastly, this Court will consider whether the claim raised in Petitioner's Addendum should be dismissed or construed as a section 2255 motion. *Yusuff*, 218 F.3d at 452. As determined above, transfer to the sentencing court would be futile as Petitioner would first need certification to file a successive motion through the Court of Appeals. Therefore, the undersigned will consider the appropriateness of transferring the new claim under *Dimaya* to the Sixth Circuit pursuant to § 1631. As outlined previously, the Fourth Circuit recommends that frivolous claims be dismissed rather than transferred. *McNeill*, 523 F. App'x at 984.

Petitioner was convicted and sentenced in the Sixth Circuit. Therefore, the merits of his transferred § 2255 petition would be decided under Sixth Circuit law. As indicated in the discussion of the merits of Petitioner's Amended claim as a § 2241 motion, the question of whether the residual clause of § 924(c) is unconstitutional following *Dimaya* has divided the circuits. Significantly, the issue has not yet been decided by the Sixth Circuit. *See Richardson*, 906 F.3d at 425. Therefore, the claim made in Petitioner's Addendum, that the decision in *Dimaya* announced a new rule of constitutional law which applies to his sentence, is not clearly frivolous.

This is not to say that Petitioner has stated a clearly meritorious claim. To pursue a successive § 2255 claim Petitioner will still need to establish at a minimum that (1) the

*Dimaya* decision applies retroactively, (2) applies retroactively to the statute he was sentenced under, and (3) that he was sentenced under the residual clause and not the use of force clause of § 924(c). However, as this Court does not resolve the merits of the petition at the gatekeeping stage, and merely decides whether the petition warrants transfer under 28 U.S.C. § 1631, it would not be appropriate to dismiss the petition as utterly frivolous.[6]  Therefore, the undersigned **FINDS** that the interest of justice requires Petitioner be given an opportunity to present his claim to the United States Court of Appeals for the Sixth Circuit.

## III.  <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1.  Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED** as to the claims contained therein;

2.  Respondent's request for dismissal of these claims, (ECF No. 11), be **GRANTED**;

3.   This Petition be **DISMISSED,** with prejudice, and removed from the docket of the Court;

4.  Petitioner's Motion to Add a Claim for Relief, (ECF No. 18), be **GRANTED;**

5.  That Claim for Relief, and its Supporting Memorandum, (ECF Nos. 13, 14), be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C.A. § 2255(h);

6.  This action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is

---

[6] The undersigned also notes that while its decision is governed by Fourth Circuit law which asks a transferring court to briefly consider the merits of a potential claim, the fact that Petitioner's motion will be sent to the Sixth Circuit which employs a blanket policy requiring its district courts to transfer all successive § 2255 motions to the court of appeals, regardless of the merits, provides additional counsel against dismissing the claim outright. *See United States v. Gastelum-Lara*, 478 Fed.Appx. 303, 305 (6th Cir. 2012).

hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner at FMC Lexington in Lexington, Kentucky and counsel of record.

**FILED:** December 18, 2018

Cheryl A. Eifert
United States Magistrate Judge